COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Troy Shane Reddick v. Jennifer Eve Reddick

Appellate case number:   01-12-00576-CV

Trial court case number: 2005-41978

Trial court:             311th District Court of Harris County

On March 2, 2012, the trial court signed an "ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP." In this order, the trial court granted in part and denied in part Troy Reddick's requested modification. Specifically, the trial court lowered Troy Reddick's child support obligation to $1,875.00 per month.

Thereafter, Troy Reddick perfected an appeal to this Court. In both his brief and in Jennifer Eve Reddick's response, the parties allege that the trial court found Troy Reddick to be intentionally underemployed.

The Texas Supreme Court has stated the following regarding the trial court's obligations when considering the issue of intentional underemployment:

> To facilitate appellate review and to encourage consistency in the exercise of this discretion [to apply TEX. FAM. CODE ANN. § 154.066 (Vernon 2008)] across the state, the trial court must make a finding of intentional unemployment or underemployment and its decision to base child support on earnings potential rather than actual earnings must be supported by the record.

*Iliff v. Iliff*, 339 S.W.3d 74, 82 (Tex. 2011). However, the record before this Court does not contain the findings required by the supreme court.

Accordingly, we abate this case and remand the cause to the trial court for further proceedings. On remand, we direct the trial court to:

1) Make a finding in accordance with the *Iliff* opinion, indicating whether or not it found Troy Reddick to be intentionally unemployed or underemployed; and
2) Make any other findings and recommendations the trial court deems appropriate regarding the intentional unemployment or underemployment issue.

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and conclusions with this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court.

It is so **ORDERED**.


Judge's signature:  /s/ Sherry Radack_____
                        Acting individually

Date:  March 22, 2013_____